OPINION
{¶ 1} This cause is an accelerated appeal in which defendant-appellant, Thomas Gandy, appeals a decision of the Butler County Area III Court convicting him of impersonating a peace officer.
 {¶ 2} In August 2001, appellant was attempting to repossess an automobile leased by the Barbers. Appellant appeared at the Barbers' residence on three separate occasions in search of David Barber to ascertain the location of the vehicle. Appellant displayed a badge and represented himself as being with the West Chester Police Department. Appellant was eventually arrested and found guilty in a bench trial of two counts of impersonating a peace officer.
 {¶ 3} Appellant appeals his conviction, raising one assignment of error: "THE TRIAL COURT ERRED IN FINDING MR. GANDY GUILTY OF VIOLATING R.C. 2921.51 WHEN THE EVIDENCE PRESENTED WAS NOT SUFFICIENT TO PROVE A VIOLATION BEYOND A REASONABLE DOUBT AND THE AFFIRMATIVE DEFENSE OF `LAWFUL PURPOSE' WAS APPLICABLE TO PRECLUDE A GUILTY VERDICT."
 {¶ 4} Appellant first argues that his conviction is based on insufficient evidence. In reviewing the record for sufficiency of the evidence, "[t]he relevant inquiry is whether, * * * any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, 273. A violation of R.C. 2921.51 requires, (1) impersonation, and (2) of a peace officer. David Barber, Connie Barber, and Carlie Barber testified that appellant appeared at the Barber residence on three occasions, he displayed a badge, and he represented himself as a West Chester Police Officer. This argument is overruled because the foregoing testimony constituted sufficient evidence supporting the trial court's guilty finding.
 {¶ 5} Appellant next argues that his conviction is against the manifest weight of the evidence. A reviewing court "will not reverse a conviction as being against the manifest weight of the evidence where there is substantial evidence upon which the trial court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." State v. Eskridge (1988), 38 Ohio St.3d 56, 59. David Barber, Connie Barber, and Carlie Barber testified that appellant displayed a badge and represented himself as a West Chester Police Officer on numerous occasions. Furthermore, appellant admitted to displaying a "special agent" badge and admitted that "[i]f someone asks me for identification I will pull out my badge and say I'm an investigator. * * * It gives me some credibility." This argument is overruled for the reason that there is substantial evidence upon which the trial court could reasonably conclude that all the elements of impersonating a peace officer have been proven beyond a reasonable doubt.
 {¶ 6} Appellant also argues that he has an affirmative defense of "lawful purpose" because he was lawfully entitled to repossess the vehicle in default so long as he could do so without a breach of the peace. However, simply because appellant was seeking to repossess the vehicle does not mean that he was impersonating a peace officer for a lawful purpose. See State v. Metzger (Dec. 31, 1984), Warren App. No. CA84-08-048, at 9. Where the impersonation of a peace officer is designed to circumvent or detour the proper and normal procedure by which the lawful end could be achieved, the impersonation cannot be said to be lawful. See id. This argument is overruled for the reason that the affirmative defense of "lawful purpose" is not applicable to preclude a guilty verdict where the impersonation of a peace officer is designed to make a person believe that the actor is entitled to a certain status by virtue of his position as a peace officer. See id. Therefore, appellant's single assignment of error is overruled.
 {¶ 7} The judgment of the trial court is hereby affirmed.
YOUNG and VALEN, JJ., concur.